### TALCOTT v. COWDRY et al.

(Supreme Court, Appellate Term, First Department. June 25, 1896.)

PRINCIPAL AND AGENT—LIABILITY OF AGENT TO PRINCIPAL—EVIDENCE.
  Where a collecting agent compromises without authority a claim in his hands for collection, his principal cannot recover damages against him therefor, unless he proves that he suffered loss by the unauthorized act.

Appeal from city court of New York, general term.

Action by James Talcott against De Witt C. Cowdry and James T. Franklin to recover $1,026.98; being the amount of interest due on a judgment which the defendants were employed to collect, and which they compromised for the principal without the interest, contrary to plaintiff's instructions. A judgment dismissing the complaint was affirmed by the city court (38 N. Y. Supp. 1149), and plaintiff appeals. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

L. B. Bunnell, for appellant.

Blumenstiel & Hirsch, for respondents.

DALY, P. J. The conceded facts of the case are that the plaintiff had a judgment against the firm of Evans, McDonald & Co., of Indiana, for $2,892.54, recovered in 1883, which was uncollectible, owing to the insolvency of the judgment debtors. Mr. Franklin, one of the defendants, who were collecting agents, called upon the plaintiff in 1885, saying that he had information which he thought would enable him to collect this judgment, whereupon the plaintiff gave the defendants this claim to collect, agreeing to give them 15 per cent. of the amount of such collection, and the defendants were to employ their own attorneys, and plaintiff was to have no further expense. The defendants sent the claim to W. P. Breen, an attorney in Indiana, who brought a creditor's action against the father of one of the judgment debtors, which resulted successfully. This creditor's suit was brought in the United States circuit court of Indiana, and the defendants in that case threatened to appeal to the United States supreme court from the judgment unless a settlement were made, whereupon Mr. Breen, in order to avoid the appeal, arranged to accept, as a compromise, the full amount of the plaintiff's claim without interest, and sent the defendants a power of attorney for the plaintiff to execute. The plaintiff refused to sign it, insisting that no settlement should be made without payment of interest on the judgment. This decision was communicated by defendants to Mr. Breen, but he nevertheless carried out his arrangement for the settlement, entered judgment in his action for the amount of the plaintiff's judgment without interest, received the amount, and forwarded it, less agreed charges, to the defendants, who sent the check for this amount to the plaintiff. The plaintiff received the check, and retained it, but notified the defendants next day that he would hold them for the amount of the interest.

It is claimed that this was a ratification of the act of defendants' subagent in compromising for less than the whole amount due, and that, if plaintiff repudiated the transaction, he was bound to return the money to defendants. It is unnecessary to determine that question, because another and controlling consideration disposes of the case. The defendants are liable for the acts of the attorney whom they employ. Weyerhauser v. Dun, 100 N. Y. 150, 157, 2 N. E. 274. And such an attorney, employed by a collecting agency, is its agent, and not the agent of the creditor. Dale v. Hepburn, 11 Misc.

Rep. 386, 32 N. Y. Supp. 269. But, though the plaintiff had the right to recover what he had lost by the breach of duty of defendants' agent, no recovery could be had without proof of the damage sustained by the unauthorized act, and the case is barren of any such proof. While a recovery in the creditor's action in Indiana was had against the defendant Evans in that action, it does not appear what that recovery was,—whether it was to set aside conveyances to him by the original judgment debtors, or to reach equitable assets applicable to the payment of the judgments against them. The records show only an order of judgment that the plaintiff recover of Evans the face of their judgment, $2,892.14, which was evidently the compromise judgment agreed upon by his attorneys and the attorneys of the different creditors. It was not shown that Evans was liable in any way for the whole amount of the plaintiff's claim, or had received property or assets of the original judgment debtors sufficient to pay it. While very slight evidence of the collectibility of the whole of the plaintiff's demand would be sufficient to throw upon the collecting agents the burden of showing that the amount was not collectible, yet the case does not furnish even the slight evidence requisite for that purpose. It was conceded that the judgment debtors were insolvent. The judgment was therefore prima facie uncollectible, as against them. All the plaintiff could offer was his own opinion and hearsay evidence that his judgment was collectible. For want of legal evidence upon the subject of damages, the complaint was properly dismissed.

The judgment appealed from must be affirmed, with costs. All concur.